IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CONTRERAS, ET AL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-02 |
| | § | |
| TOBAR, ET AL, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

BE IT REMEMBERED, that on May 22, 2000, the Court considered the Plaintiffs' Motion to Remand and for Sanctions [Dkt. No. 4]. After reviewing the motion, response, briefs, and the Parties' oral argument at the Court's April 27, 2000 hearing, the Court **GRANTS** the Plaintiffs' motion.

The Defendants assert that the following section of the Plaintiffs' Second Amended Complaint alleges a federal cause of action under 49 U.S.C. § 14702:

> At the time and occasion in question, Defendant Juan Anastacio Tobar was operating said commercial vehicle within the course and scope of his agency and/or employment for Defendant Nancy B. Tobar d/b/a Tobar's Xpress, Inc. *As a result, said operation of the commercial vehicle, i.e. tractor-trailer, was governed by the Federal Motor Carrier Safety Regulations.*
>
> Specifically, Defendant Juan Tobar's operation of the commercial vehicle at the time of the accident in question was a violation of federal law. Federal law creates a legislatively imposed standard of conduct and violation of these statutes by Defendants Juan A. Tobar and Nancy B. Tobar d/b/a Tobar's Xpress, Inc., *constitutes negligence per se or negligence as a matter of law*. Defendant Juan Tobar was disqualified from operating a commercial vehicle such as the one he was operating at the time of this accident, and therefore Defendants, Juan A. Tobar and Nancy B. Tobar d/b/a Tobar's Xpress, Inc. are *guilty of negligence per se* [Dkt. No. 1, Exh. T, p.4] (emphasis added).

1

The Court does not agree with the Defendants' reading of the plain language of the Plaintiffs' complaint. The Plaintiffs clearly cite federal law for the sole purpose of establishing negligence per se. Negligence is a state law cause of action, and does not become federal in nature because the Plaintiffs rely on a federal statute to avoid the burden of proving the Defendants' duty to the Plaintiffs and a breach of that duty. This point is conceded by the Defendants in their memorandum of law [Dkt. No. 11, p. 2].

The Court therefore remands this case to the 107th Judicial District Court of Cameron County, Texas, for lack of federal subject matter jurisdiction. The costs of removal, including $500.00 in attorney's fees, are taxed against the Defendants. A certified copy of this order shall be mailed to the Clerk of the state court.

DONE at Brownsville, Texas, this _22_ day of May 2000.

Hilda G. Tagle
United States District Judge